**Hyman SPIEGEL and Sylvia Spiegel**

v.

**Samuel FERRARO and Alfred Ferraro.**

**Civ. A. No. 18239.**

United States District Court.
E. D. Pennsylvania.

March 21, 1957.

Joseph S. Lord, III, Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Arthur M. Harrison, Bernstein & Bernstein, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The verdict in this case was so palpably against the weight of the evidence that the interests of justice require that a new trial be granted.

In a suit for personal injuries incurred in a head-on collision of two automobiles at night on a 60 foot wide city street, the jury found for the plaintiff. The plaintiff's story that the collision occurred on her side of the street was supported by one apparently disinterested witness, who was a block away. However, two police officers, who arrived upon the scene within minutes and freed the defendant from the wreck of his car and who took careful measurements, testified without contradiction that broken glass and other debris, notably fender dirt (which ordinarily drops almost exactly at the point of impact), were found on the defendant's side of the street, 10 feet from the center line. No debris was found on the plaintiff's side.[1] After the collision both cars were on the defendant's side of the center line, the defendant's entirely and the plaintiff's all but a small portion of the rear end. None of these facts were disputed and no attempt was made to impeach the credibility of the police officers or the thoroughness of their investigation, and there was nothing to raise the slightest doubt as to the accuracy of their observations.

■■ I realize that the presence of fender dirt and broken glass is not, as a matter of law, conclusive proof of the side of the center line on which a collision occurred. However, if there is no dispute as to its location, it is about as sure an indication of the place of the impact as can be found. A verdict which, under all the circumstances of this case, without any logical reason, wholly disregarded it comes very close to being contrary to incontrovertible physical facts—close enough to require the granting of a new trial.

Judgment accordingly.

1. In none of the cases cited by the plaintiff was the debris found so far from the center line or so definitely or completely on one side of the street.